At this time we'll hear Rana v. Islam. Mr. Rana is a young man from Bangladesh who was brought over to be a domestic servant. When he arrived, he was never paid. He was threatened, abused, and essentially trapped inside of an apartment for 18 months. You've won. Yeah. You've won that. The question I suppose is whether there's anything left for the people who aren't here to appeal, even if you're completely wrong about your description of what happened. Supposing they're entirely wrong and they're entirely right. They ignored everything the district court could throw at them, and that's the issue, whether they can, in quotes, be here, close quote. I think not the question of whether your story is right or their story is right. Yes, Your Honor. And I would observe, as the court has, that they are not here, as they were not at many points throughout the district court case. Well, then perhaps I can help them. The liquidated damages were awarded in duplicate under the Fair Labor Standards Act on the federal side and under the New York labor law on the state side. And those two awards on top of 100% of the actual damages makes the damages triple damages, which is certainly unusual. Why should it be that you can collect liquidated damages both on the federal statute and on the state statute? Your Honor, as Judge Stein observed, there has been a split among the district courts in this circuit on this issue. That's why I'm asking. Yes, Your Honor. The Fair Labor Standards Act has long been viewed, the liquidated damages provision under that act has long been viewed as a form of prejudgment interest, whereas the district courts in this circuit have been divided as to whether the New York labor law liquidated damages served the same purpose. Is that question before us now or not? I'm sorry, Your Honor? It's an interesting question, and it's unresolved, and I agree with all of that, but is it before us? It's absolutely not before this Court, Your Honor, both because it was not preserved, because the argument was not made before the district court, and because the argument has not been presented in the appellate's brief here. And this Court has consistently applied both those rules to pro se litigants to the extent the Court wants to consider these litigants actually pro se litigants. As described in our brief, that's not they are not the typical pro se litigants. So we don't have to decide that question in this case? No, Your Honor, because it's waived. Then what's left? Well, Your Honor, the only issue before this Court was the award of damages from September 2016. That award is reviewed for clear error and to the extent there were punitive damages involved for abuse of discretion. Judge Stein at the district court level bent over backwards to ensure a fair process for these appellants. They began to be notified in mid-July 2016 that there would . . . I have a question that you don't have to answer. And that is, is this a judgment that's going to be partially or fully paid if you are successful here and, you know, certiorari and all that becomes effective? Or is this a matter of principle in L.E.? I didn't catch the . . . I'm just curious whether this is an academic exercise or whether you're going to get some real money as a matter of curiosity on my part. Well, Your Honor, this case means a great deal to my client, Mr. Rana, as he was abused for 18 months in that apartment. But we also do . . . Excuse me, Your Honor. Nice job. Thank you, Your Honor. Are you going to get paid? Yes, Your Honor. So to clarify for the Court, we do intend to pursue the judgment. Thank you, Your Honor. We would ask the Court to affirm the September 2016 award of damages to Mr. Rana. Thank you. Thanks. We'll reserve decision. The remaining case on calendar is Upstate Tower versus the town of Key and Tone. We've taken that on submission. That's the last case on calendar. Please adjourn court. Thank you.